# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

REGINALD C. HOWARD,  )
                     )
            Plaintiff,   )   Case No. 2:08-cv-00728-RCJ-GWF
                     )
vs.                  )   **ORDER**
                     )
HOWARD SKOLNIK, *et. al.*,  )   Motion to Compel (#64)
                     )
            Defendants.  )
_____)

This matter is before the Court on Plaintiff's Motion for Order Compelling Discovery (#64), filed July 14, 2010, and Defendants' Response to Motion for Order Compelling Discovery (#66), filed August 2, 2010.

Plaintiff Reginald Howard requests that this Court compel Defendants to respond to discovery requests he served in November 2008 and May 2010. (#64). Defendants argue that they do not have to respond to Plaintiff's discovery requests because the Court did not reopen discovery in this matter until July 8, 2010 and that Plaintiff has not served any discovery requests on Defendants since that time. (#66 at 3). In addition, Defendants contend that Plaintiff failed to meet and confer with Defendants as required by LR 26-7 prior to filing the present motion. (*Id.* at 3-4).

Discovery in this action has a fractured history. Discovery initially ended on February 4, 2009. However, prior to the close of discovery, the Court granted Defendants' Motion for Summary Judgment on January 22, 2009. (#33). Plaintiff appealed and on March 30, 2010, the Ninth Circuit partially remanded this action, finding that material factual disputes remained related to two of Plaintiff's claims. (9th Cir. Case No. 09-15382 at 2-3). As a result of the remand, on July 8, 2010, the Court found that further discovery was justified and reopened the discovery period. (#62).

Defendants do not contend that they were never properly served with Plaintiff's discovery requests.[1] Instead, Defendants state that the November 2008 requests for production and May 2010 interrogatories were not served on Defendants after July 8, 2010, when discovery was reopened. Given the segmented nature of the discovery period in this matter, the Court finds that Plaintiff was not required to re-serve the discovery requests during the recently reopened discovery period. Defendants were properly served with the discovery requests and shall respond, but may assert appropriate objections to specific discovery requests.

In addition, the Court will waive the meet & confer requirements of LR 26-7 for the purposes of this motion. Given the lengthy delay in discovery in this action and difficulties faced by an incarcerated prisoner attempting to confer with opposing counsel, it would be unreasonable to deny the present motion and mandate that Plaintiff confer with the opposing party. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Order Compelling Discovery (#64) is **granted**. Defendants will respond to the interrogatories and requests for production on or before **September 21, 2010** and may assert appropriate objections.

DATED this 27th day of August, 2010.

*George Foley Jr.*
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] The certificates of service attached to Plaintiff's discovery requests indicate that the requests for production and interrogatories were served on Defendants. (#64 at 12, 19).