## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| REGINALD C. HOWARD, ) | Case No.: 2:08-CV-00728-GMN-GWF |
| ) | |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| ) | |
| HOWARD SKOLNIK, Director (NDOC), ) DWIGHT NEVEN, Warden (HDSP), ) HENSON J., AWP (HDSP), BACA I., AWO ) (HDSP), JULIO CALDERIN, CHAPLAIN ) (HDSP), DWAYNE DEAL, CASEWORKER ) (HDSP), PAPPAS C/O (HDSP), JOHN ) DOES/JANE DOES, et al., ) ) | |
| Defendants. ) ) | |

## **INTRODUCTION**

Before the Court is Defendants' Motion to Stay (ECF No. 94) and Motion for Settlement Conference (ECF No. 95).

Defendants' motions reach the Court following an appeal to the Ninth Circuit after the Honorable Robert C. Jones granted Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment on January 22, 2009. (ECF No. 33 & 35). After briefing was completed in the United States Court of Appeals for the Ninth Circuit, the Ninth Circuit issued an Order affirming in part, and vacating in part, Judge Jones' March 30, 2010 Order. (ECF No. 40). In its Order, the Ninth Circuit remanded for determination of two issues: 1) whether Defendants' cancellation of prayer service was based on a legitimate correctional goal as Plaintiff claimed he sincerely believed he needed prayer in English; and 2) the issue regarding the return of certain cassette tapes to Plaintiff. *Id.*

## DISCUSSION

**Defendants' request that this court enter a stay of the current scheduling so that they may attempt to negotiate with the inmate Plaintiff in a settlement conference conducted by the Magistrate Judge.** A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In considering whether a party has shown good cause for modifying a scheduling order, a court considers "the moving party's reasons for seeking modification," "the diligence of the party seeking the amendment," and "the existence or degree of prejudice to the party opposing the modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co*., 299 U.S. 248, 254, 57 (1936). "Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55).

The Court does believe that a settlement conference will be beneficial to both parties in this particular case. Defendants have transferred Plaintiff from the Nevada Department of Corrections ("NDOC") to the Southern Desert Correctional Center ("SDCC") where it appears that Plaintiff is now able to access the prayer services he was requesting at NDOC. By transferring Plaintiff to accommodate Plaintiff's prayer service

request, Defendants have demonstrated that they are willing to negotiate the case and are not requesting the stay or settlement conference for purposes of delay.  Since Plaintiff is now housed at SDCC with access to his religious services, it should cause no further hardship to him if a stay for settlement conference is granted.  Furthermore, as this case has already been to the Ninth Circuit, it would be beneficial for all parties to settle all possible claims instead of continuing on a complicated litigation path.

## **CONCLUSION**

IT IS HEREBY ORDERED THAT Defendants' Motion for Settlement Conference and to Stay the Case Pending Settlement Conference (ECF Nos. 94 &95) is hereby GRANTED.

IT IS FUTHER ORDERED THAT Magistrate Judge George W. Foley shall schedule a Settlement Conference within thirty (30) days from the date of this Order.

DATED this 8th day of December, 2010.

_____
Gloria M. Navarro
United States District Judge