# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| REGINALD C. HOWARD, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:08-cv-00728-GMN-GWF |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| HOWARD SKOLNIK, *et. al.*, ) | Motion to Extend Photocopies (#113) |
| ) | |
| Defendants. ) | |

    This matter comes before the Court on Plaintiff's Motion to Extend Photo Copies (#113), filed on May 1, 2012 and Defendants' Opposition to Plaintiff's Motion (#114), filed on May 10, 2012. Plaintiff is requesting a grant of an additional fifty dollars to ensure his exhibits are made with a copy machine and not as a carbon copy. Defendants claim that Plaintiff should not receive the additional fifty dollars, as he has already received a substantial amount of money from the Court for photocopying purposes. Defendants assert that Plaintiff should be required to use other funds that he has in a trust account within the prison for his photocopying. Defendants further claim that the denial of the additional funds will not deprive Plaintiff of access to the courts.

    It is commonly held that courts must supply prisoners with tools to assist them in court cases they are involved in. *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989). However, Courts have also recognized that there is no constitutional right to free and unlimited photocopying. *Id.* Further, "a denial of free photocopying does not amount to a denial of access to the courts[,]" as a prisoner is capable of writing out the necessary documentation. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). The right to access the courts does not insinuate that the court must supply the

. . .

indigent inmate with substantial funds to photocopy the necessary documents, but rather they must be able to access what is necessary to proceed with their case. *Sands*, 886 F.2d at 1169.

Here, Plaintiff requests fifty dollars to complete photocopying of his exhibits, as he does not want them to be carbon copied. Plaintiff has not established an overwhelming need for the additional funds. Plaintiff should utilize the other resources available to him such as, handwriting the documents or transferring funds from an alternative account. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Extend Photo Copies (#113) is **denied**.

DATED this 2nd day of July, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge